# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CORE WIRELESS LICENSING S.A.R.L.**<br><br>Plaintiff,<br><br>v.<br><br>**APPLE INC.,**<br><br>Defendant. | **Civil Action No. 6:14-cv-752**<br><br>**Jury Trial Demanded** |

## ORDER REGARDING E-DISCOVERY PROTOCOL

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, for e-mail documents, fields showing the subject, date, and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist. For non-e-mail documents, fields showing the file name and custodian from whom the file was collected shall

generally be included in the production if such fields exist.  Nothing in this paragraph shall limit a receiving party from requesting from the producing party additional metadata for a particular document or documents, and the producing party shall reasonably comply with such a request to the extent the additional requested metadata exists.

     5.     Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

     A.     **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format.  TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension.  Load files shall be provided to indicate the location and unitization of the TIFF or PDF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

     B.     **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

     C.     **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

     D.     **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.  Further, spreadsheets (e.g. Excel or Numbers files) should be produced in (1) native format, with (2) the first page of the document produced in TIFF format, and (3) extracted text files.  TIFF images of the entire file need not be provided.

E.  **Color Copies**. A party may make a reasonable request to receive a color copy of a document originally produced in black and white, and the producing party shall reasonably comply with such a request to the extent a color copy of the document exists.

F.  **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

G.  **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7.  E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4., and preliminary information relevant to damages. On or before June 9, 2015, or such other date as the parties may mutually agree, the parties agree to meet and confer and identify to the other party the categories of custodians for which it desires information about the producing party's likely e-mail custodians. On or before June 16, 2015, or such other date as the parties may mutually agree, the parties shall exchange lists of likely e-mail custodians within each identified category with a short description of why the custodian is believed to be significant, which lists shall not exceed 15 individuals in total. Each requesting party may also propound up to five interrogatories, which are included in the numerical limitation on interrogatories set forth in the Discovery Order, and

take one deposition per producing party, to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause. The parties may also meet and confer and mutually agree to amend the above procedures as needed.

8.  E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of eight custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9.  Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. All documents shall be produced in their original language.  When a requested document exists in a foreign language and the producing party also has an English language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced (whether or not the translation is prepared for purposes of litigation), the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign documents that are produced in discovery.

13. The parties shall send their productions on the day that they are due via FTP, secure alternative file sharing protocols, CDs, DVDs, or external hard drives, as appropriate.

14. The parties shall make reasonable efforts to de-duplicate documents prior to production.

15. Except as expressly stated, nothing in this order affects the parties' or third-parties' discovery obligations under the Federal or Local Rules.

**IT IS SO ORDERED.**