UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORE WIRELESS LICENSING S.A.R.L.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC,<br><br>    Defendant. | Case No. 15-cv-05008-PSG<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS**<br><br>**(Re: Docket No. 180)** |

Second chances in the law are hard to come by, no matter how clever the argument. This case offers yet another example.

Plaintiff Core Wireless Licensing S.a.r.l. alleges that Defendant Apple Inc. infringes three Core Wireless patents.[1] The patents' original owner, Nokia Corporation, declared before the European Telecommunications Standards Institute that they, and some 1,200 other patents, cover technology essential to implementing several popular wireless standards, including GSM/GPRS, UMTS and LTE.[2] ETSI's Intellectual Property Rights Policy states that holders of these so-called standards-essential patents "should be adequately and fairly rewarded" for their use.[3] The IPR Policy also says that these licenses should be granted "on fair, reasonable and non-discriminatory ('FRAND') terms."[4] As a result, Core Wireless contends that Apple, as an ETSI member, is

---

[1] *See* Docket No. 109 at ¶¶ 10-14, 63-127. Although Core Wireless' amended complaint alleges infringement of five patents, the parties later agreed to drop two of them. *See* Docket No. 178.

[2] *See* Docket No. 109 at ¶¶ 15-18.

[3] Docket No. 109-1 at § 3.2.

[4] *Id.* at § 6.1.

1
Case No. 15-cv-05008-PSG
ORDER GRANTING PARTIAL MOTION TO DISMISS

obligated to take licenses to these patents on FRAND terms.[5]

When Core Wireless asserted this theory as a pair of breach of contract claims in the parties' previous litigation in the Eastern District of Texas, that court dismissed the claims because it found no evidence that Apple had entered into a contract.[6] Taking the hint, Core Wireless dropped its corresponding breach of contract claims in this case.[7] It retained, however, a single cause of action, in which it seeks a declaratory judgment that Apple is an unwilling FRAND licensee.[8] Apple now moves to dismiss this last claim on a number of grounds.[9] Among other things, Apple argues that res judicata bars the declaratory judgment cause of action because Core Wireless raised or could have raised it in the Texas action. Because the court agrees on this point, it need not reach the others. The motion is GRANTED.

## I.

Under the doctrine of res judicata, a final judgment on the merits precludes further claims by the same parties based on the same cause of action.[10] The doctrine shields parties from the burden of repeated litigation on the same issues, avoids inconsistent results and conserves judicial resources.[11] To that end, claim preclusion—a subspecies of res judicata—applies "if there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between

---

[5] *See* Docket No. 109 at ¶¶ 22-31.

[6] *See Core Wireless Licensing S.a.r.l. v. Apple Inc.* (*Core Wireless I*), Case No. 6:12-cv-00100, 2015 WL 4775973, at *3-4 (E.D. Tex. Mar. 16, 2015).

[7] *See* Docket No. 182.

[8] *See* Docket No. 109 at ¶¶ 51-57. Core Wireless dropped a second declaratory judgment cause of action after the parties had finished briefing the instant motion. *See* Docket No. 192.

[9] *See* Docket No. 180.

[10] *See In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).

[11] *See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (citations omitted).

parties."[12]

In the lawsuit it filed in the Eastern District of Texas in 2012, Core Wireless alleged that Apple infringed no fewer than 14 of its patents.[13] Apple counterclaimed, among other things, that Core Wireless had breached its ETSI commitments by refusing to offer Apple a FRAND license to those patents, which also were among those that Nokia had declared to be standards-essential.[14] Core Wireless responded with two breach-of-contract counterclaims of its own.[15] In one count, Core Wireless alleged that Apple had breached a binding agreement with Core Wireless, arising out of Apple's ETSI membership, by failing to negotiate FRAND royalties for Core Wireless' portfolio of standards-essential patents.[16] And in the second count, Core Wireless alleged that the same conduct by Apple breached Apple's agreement with ETSI, as captured in Section 3.2 of the IPR Policy, of which Core Wireless was a third-party beneficiary.[17]

---

[12] *FTC v. Garvey*, 383 F.3d 891, 897 (9th Cir. 2004) (quoting *Providence Health Plan v. McDowell*, 361 F.3d 1243, 1249 (9th Cir. 2004)); *see also Rasooly v. Self*, Case No. 14-cv-04521, 2015 WL 3430092, at *2 (N.D. Cal. May 27, 2015) (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)) ("A claim may be dismissed under the doctrine of res judicata on a motion to dismiss under Rule 12(b)(6) when the Court is able to discern the relevant facts by way of judicial notice of the earlier court proceedings.").

[13] *See Core Wireless I*: Docket No. 61.

[14] *See id.*: Docket No. 107, First Amended Counterclaims at ¶¶ 109-114.

[15] *See id.*: Docket No. 115, Counterclaims of Core Wireless at ¶¶ 6-42.

[16] *See id.* at ¶¶ 6-33. Courts have referred to entities engaging in "hold out" behavior by refusing to take or offer to take a patent license on reasonable terms as "unwilling licensees." *See, e.g.*, *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1333 (Fed. Cir. 2014) (Rader, J., dissenting-in-part) ("Market analysts will no doubt observe that a 'hold out' (i.e., an unwilling licensee of an SEP seeking to avoid a license based on the value that the technological advance contributed to the prior art) is equally as likely and disruptive as a 'hold up' (i.e., an SEP owner demanding unjustified royalties based solely on value contributed by the standardization)."); *InterDigital Commc'ns, LLC v. Int'l Trade Comm'n*, 707 F.3d 1295, 1317 (Fed. Cir. 2013) (quoting an industry witness as testifying at a congressional hearing that "patent assertion entities often rely upon the domestic activities of their unwilling licensees" to satisfy the International Trade Commission's domestic industry requirement).

[17] *See Core Wireless I*: Docket No. 115, Counterclaims of Core Wireless at ¶¶ 34-42.

Eventually, the court divided Core Wireless' contract claims into two types. The contract claims related to the patents-in-suit proceeded to trial, while those related to the rest of Core Wireless' patent portfolio were stayed.[18] At the close of evidence at trial, in March 2015, the court found that Core Wireless had not proved the existence of a contract and decided not to send the contract claims to the jury.[19] And after trial, the court dismissed the portfolio-wide claims, giving the following explanation:

> At trial, Core was given a full and fair opportunity to present its case regarding its breach of contract claims as to the Patents-in-Suit. During its case-in-chief, Core presented evidence, including presumably the evidence Core believed was most relevant to the breach of contract claims. After the close of all the evidence in the case, the Court concluded that Core had not presented a prima facie case of the existence of a contract. Because Core had not overcome this *threshold* issue, the Court did not allow Core's proposed verdict question regarding the alleged breach of contract as to the Patents-in-Suit[] to be submitted to the jury. Though Core objected during the charge conference to the omission of this question, Core has not requested any post-trial reconsideration of the Court's decision to dismiss the contract question at trial. Core has also not requested any other appropriate relief post-trial.
>
> Core does not deny that the contract claims as to the rest of the portfolio, which were stayed, appear to rely on the same underlying alleged contract as those claims against the Patents-in-Suit, which went forward at trial and were subsequently dismissed. . . . When prompted during a hearing held on July 6, 2015, Core was unable to point to any new potentially-discoverable evidence that would be relevant to the issue of the existence of said contract. As noted, the only evidence that Core identified went, instead, to the issue of the potential damages if a breach was found to have occurred.
>
> Because the Court has already dismissed a claim based on the same alleged contract for lack of evidence of the existence of said contract, the Court finds that the contract claims as to the entire portfolio must also be dismissed.[20]

The court entered final judgment in September.[21]

---

[18] *See id.*: Docket No. 207 at 1; *id.*: Docket No. 216 at 18:14-29:8.

[19] *See id.*: Docket No. 428 at 26:9-23;

[20] *Core Wireless I*, 2015 WL 4775973, at *3-4 (citations omitted).

[21] *See Core Wireless I*: Docket No. 470.

4
Case No. 15-cv-05008-PSG
ORDER GRANTING PARTIAL MOTION TO DISMISS

Meanwhile, near the end of 2014, Core Wireless filed this case, also in the Eastern District of Texas.[22] On Apple's motion, the case was transferred to this court late last year.[23] The operative complaint contains two causes of action for breach of contract, but the parties jointly moved to dismiss them shortly after the case arrived here.[24] The parties also mutually dismissed a related cause of action in which Core Wireless sought a declaratory judgment of a FRAND royalty rate.[25] The only remaining non-patent claim is a single cause of action for a declaratory judgment and the subject of this motion.[26]

In this claim, Core Wireless first alleges that "Apple continues to use Core Wireless's patented technology . . . without paying for a license Core Wireless has offered and is obligated to provide to Apple."[27] It then says that "Apple has demonstrated an unwillingness to negotiate a FRAND royalty rate . . . in good faith."[28] Because Apple's conduct allegedly has harmed and continues to harm Core Wireless, Core Wireless seeks a declaratory judgment that Apple is an unwilling licensee.[29]

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1338 and 2201. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[30]

---

[22] *See* Docket No. 1.

[23] *See* Docket No. 137.

[24] *See* Docket No. 182.

[25] *See* Docket No. 109 at ¶¶ 58-62; Docket No. 192.

[26] *See* Docket No. 109 at ¶¶ 51-57.

[27] *Id.* at ¶ 53.

[28] *Id.* at ¶ 54.

[29] *See id.* at ¶¶ 55-57.

[30] *See* Docket Nos. 158, 161.

5
Case No. 15-cv-05008-PSG
ORDER GRANTING PARTIAL MOTION TO DISMISS

**III.**

As noted above, res judicata applies "if there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties."[31] Because there was a final judgment between the same parties in *Core Wireless I*, the only disputed question is whether the two cases involved an identity of claims. This requirement "does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated."[32] "Rather, '[i]dentity of claims exists when two suits arise from the same transactional nucleus of facts.'"[33] The Ninth Circuit also has looked to "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action," "whether substantially the same evidence is presented in the two actions" and "whether the two suits involve infringement of the same right."[34]

Of these four criteria, whether the two suits arise out of the same transactional nucleus of facts is the most important.[35] That test is satisfied where the claims share a factual foundation such that they could have been tried together.[36] This broad definition renders it immaterial "whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment."[37] Instead, "the relevant inquiry is whether they could have been brought."[38]

---

[31] *Garvey*, 383 F.3d at 897 (quoting *Providence Health Plan*, 361 F.3d at 1249).

[32] *Tahoe-Sierra*, 322 F.3d at 1077-78.

[33] *Id.* at 1078 (alteration in original) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1337, 1142 n.3 (9th Cir. 2002)).

[34] *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

[35] *See id.* at 1151.

[36] *See W. Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) of Judgments § 24(2)).

[37] *Tahoe-Sierra*, 322 F.3d at 1078 (quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998)).

[38] *Id.* (quoting *Barajas*, 147 F.3d at 909).

1   Core Wireless primarily argues that its current claim cannot be identical because it rests on
2 a different contract. While in *Core Wireless I* it alleged breaches of contracts between Apple and
3 Core Wireless and Apple and ETSI, here Core Wireless says that it seeks a declaratory judgment
4 related to its own contract with ETSI.[39] That distinction makes no difference. In *Core Wireless I*,
5 Core Wireless sought a declaratory judgment that, as an "unwilling licensee," Apple was "no
6 longer entitled to FRAND consideration" and that Core Wireless therefore was relieved from its
7 FRAND obligations.[40] Here, it seeks essentially the same relief:

| Amended Complaint | *Core Wireless I* |
|---|---|
| "Declaratory Judgment that Apple Is an Unwilling Licensee"[41] | "Core Wireless expressly requested a judgment that 'Apple is not a willing licensee' which raises disputed issues of fact for the jury to decide."[42] |
| "Prayer For Relief . . . (d) A declaration that Apple violated its duty to negotiate in good faith and is an unwilling licensee to Core Wireless's Standard-Essential Patents, including the patents-in-suit"[43] | "Prayer for Relief . . . [A] judgment declaring that Apple is not a willing licensee to Core Wireless' asserted Standard Essential Patents"[44] |
| "Prayer for Relief . . . (q) All further relief in law or in equity as the Court may deem just and proper, including . . . an injunction against future infringing sales upon a determination that Apple is an unwilling licensee."[45] | "Apple's unwillingness to engage in meaningful negotiation raises the legal and equitable question of whether . . . Apple is now subject to injunctive relief."[46] |

---

[39] Apple casts Core Wireless' characterization of its claim as a belated attempt to amend it, a practice frowned upon in this court. *See Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1020 (N.D. Cal. 2011) (quoting *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010)). In any event, that does not affect the result.

[40] *Core Wireless I*: Docket No. 378 at 65:20-22.

[41] Docket No. 109 at 10.

[42] *Core Wireless I*: Docket No. 248 at 19 n.9.

[43] Docket No. 109 at 34.

[44] *Core Wireless I*: Docket No. 115 at 26-27.

[45] Docket No. 109 at 34-35.

[46] *Core Wireless I*: Docket No. 248 at 9.

7
Case No. 15-cv-05008-PSG
ORDER GRANTING PARTIAL MOTION TO DISMISS

Moreover, Apple raised a counterclaim in *Core Wireless I* alleging that Core Wireless breached the contract between Core Wireless and ETSI.[47] The jury evaluated that claim, based on the same contract that Core Wireless puts at issue here.[48]

The same evidence and the same nucleus of facts underlie all of these claims. Both cases involved the ETSI IPR Policy, FRAND licensing obligations, Nokia's standards-essential declaration and the licensing negotiations (or lack thereof). Core Wireless purports to identify some new evidence that it will present here but did not in *Core Wireless I*.[49] But much of this evidence—the contract between Core Wireless and ETSI and Core Wireless' FRAND obligations—came up in the earlier case. And any evidence on the patents-in-suit here bore on the portfolio-wide breach-of-contract claim in *Core Wireless I*, which the Eastern District of Texas dismissed on its merits. In sum, because the declaratory judgment claim in this suit could have been brought in *Core Wireless I*, it is barred here.

## IV.

Apple's partial motion to dismiss is GRANTED. Although courts are to grant leave to amend liberally, dismissal without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment or if allowing further amendment would cause undue prejudice to the opposing party.[50] "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."[51] The court is satisfied that no further amendment could cure the serious defects

---

[47] *See id.*: Docket No. 107, First Amended Counterclaims at ¶¶ 109-114. It is true that this claim involved only the patents-in-suit. But by responding with claims involving its entire patent portfolio, Core Wireless confirmed that the negotiations, such as they were, involved the portfolio and not just the patents-in-suit. *See id.*: Docket No. 115, Counterclaims of Core Wireless at ¶¶ 6-42.

[48] *See id.*: Docket No. 399 at 8.

[49] *See* Docket No. 183 at 4-5.

[50] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[51] *Id.* at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)).

1  in this claim.  More importantly, at this late stage—fact discovery will end in about two
2  months[52]—Apple will suffer undue prejudice if the court permits another round of pleadings.
3  Leave to amend therefore is DENIED.

**SO ORDERED.**

Dated: March 31, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[52] *See* Docket No. 175 at 2.

United States District Court
Northern District of California