UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORE WIRELESS LICENSING S.A.R.L., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC, <br><br> Defendant. | Case No. 15-cv-05008-PSG <br><br> **CLAIM CONSTRUCTION ORDER** |

Plaintiff Core Wireless Licensing S.a.r.l. claims that Defendant Apple Inc. infringes U.S. Patent Nos. 6,477,151, 6,633,536 and 7,782,818. Consistent with Pat. L.R. 4-3(c), the parties seek construction of terms and phrases in claims in the patents-in-suit.[1] The parties appeared for a hearing on the matters at hand earlier today.[2] To avoid unnecessary delay, at this time the court proceeds to issue its constructions without its full reasoning and analysis:

| PATENT NO. | CLAIM TERM/PHRASE | CONSTRUCTION |
|---|---|---|
| '151 | "the radio telephone network comprising a base station subsystem and a plurality of mobile stations for communicating with the base station subsystem and in which radio signal transmission slots at a mobile station are synchronised to radio signal reception slots at the base station subsystem to account for a propagation delay between the mobile station and the base station subsystem, the reception slots corresponding to uplink and/or downlink user data packet switched transmission channels allocated dynamically by the base station subsystem" | This portion of the claim is limiting. The phrase "base station subsystem" throughout the claims should be construed as "radio access network, which is a system of base station equipment (transceivers, controllers, etc.) which is responsible for communicating with mobile stations in a certain area." |

---

[1] *See* Docket No. 85.

[2] *See* Docket No. 206.

Case No. 15-cv-05008-PSG
CLAIM CONSTRUCTION ORDER

1

United States District Court
Northern District of California

| Patent | Term | Construction |
|---|---|---|
| '151 | "receive a timing advance value once" | "receive a timing advance value one time for a multiframe structure" |
| '151 | "data" | plain and ordinary meaning |
| '151 | "for both the uplink and downlink channels" | "for transmissions in the uplink direction on both the uplink and downlink channels" |
| '536 | "good state" | "state flagging that the frame contains error-free user information" |
| '536 | "bad state" | "state flagging that the frame does not contain error-free user information" |
| '536 | "bit pattern" | "sequence of bits conveying a signaling message not delineated by a code word" |
| '536 | "substantially impair the quality of the user information" | indefinite |
| '818 | "routing area" | "area where a mobile station is registered in the serving node and where eventually the serving node pages the mobile station to establish downlink connection" |
| '818 | "an inserter configured to insert the core network identifier to an connection initiating message for establish an connection [sic]" | indefinite |

The parties should rest assured that the court arrived at these constructions with a full appreciation of not only the relevant intrinsic and extrinsic evidence, but also the relevant precedent from the Federal Circuit and the Supreme Court.[3] So that the parties may pursue whatever recourse they believe is necessary, a complete opinion will issue before entry of any judgment.

**SO ORDERED.**

Dated: April 18, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[3] *See, e.g.*, *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2128-30 (2014); *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1348-53 (Fed. Cir. 2015) (en banc); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-15 (Fed. Cir. 2005) (en banc).