RUSS, AUGUST & KABAT
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Benjamin T. Wang (CA SBN 228712)
Email: bwang@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Adam S. Hoffman (CA SBN 218740)
Email: ahoffman@raklaw.com
Neil A. Rubin (CA SBN 250761)
Email: nrubin@raklaw.com
James N. Pickens (CA SBN 307474)
Email: jpickens@raklaw.com
Jacob R. Buczko (CA SBN 269408)
Email: jbuczko@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Kayvan B. Noroozi (CA SBN 271167)
Email: kayvan@noroozi.la
NOROOZI PC
1299 Ocean Ave., Suite 450
Santa Monica, CA 90401
Telephone: (310) 975-7074

Attorneys for Plaintiff
CORE WIRELESS LICENSING S.A.R.L.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CORE WIRELESS LICENSING S.A.R.L., Plaintiff, vs. APPLE INC., Defendant. | **Case No. 5:15-cv-05008-NC**<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS *DAUBERT* OPPOSITION**<br><br>Date: November 16, 2016<br>Time: 2:00 p.m.<br>Place: Courtroom 7, 4th Floor<br>Judge: Hon. Nathanael M. Cousins<br><br>**ORAL ARGUMENT REQUESTED** |

RUSS, AUGUST & KABAT

1

2

3

4

5

6

7

8

9

10

11

RUSS, AUGUST & KABAT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        In accordance with Civil L.R. 7-11 and 79-5, Plaintiff Core Wireless Licensing S.A.R.L ("Core Wireless") respectfully seeks a narrowly-tailored Order authorizing the sealing of portions of its *Daubert* Opposition, namely, certain portions of the brief.

        As detailed in the Declaration of Kayvan B. Noroozi in support of the instant administrative motion ("Noroozi Declaration"), filed concurrently herewith, the portions of the brief that Core Wireless requests be sealed refer to Defendant's information designated by Apple Inc. ("Apple") as "Restricted – Attorneys' Eyes Only" under the Protective Order (Dkt. No. 187) or refer to Plaintiff's information designated by Core Wireless as "Restricted – Attorneys' Eyes Only" under the Protective Order.   Core Wireless expects that Apple will file the required supporting declaration in accordance with Civil L.R. 79-5(e)(1) as necessary to confirm whether the information should be sealed.

        Core Wireless presumes that Apple designated such information as "Restricted – Attorneys' Eyes Only" because Apple believed that competitive harm to Apple would result from public disclosure of this information, including details of its licensing practices and of confidential licensing negotiations and agreements. For example, competitors of Apple learning such details through public filing of this information might be able to use such details to improve their bargaining position in licensing negotiations to Apple's competitive detriment. For many of the same reasons, Core Wireless designated such information as "Restricted – Attorneys' Eyes Only" because Core Wireless believes that competitive harm to Core Wireless and to Nokia Corporation, who maintains a common interest with Core Wireless in respect of the information, would result from public disclosure of this information.

        Thus, Core Wireless has shown "good cause" for filing these materials under seal under the standards discussed in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). *See also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("When a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality. Applying a strong presumption of access to documents a court has already decided should be shielded from

the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders. Although we understand the public policy reasons behind a presumption of access to judicial documents (judicial accountability, education about the judicial process etc.), it makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive sanctions motion filed with the court.").

Core Wireless has met and conferred with Apple, who does not oppose the relief sought by Core Wireless's instant administrative motion. A stipulation under Civil Local Rule 7-12 and proposed order granting Core Wireless's administrative motion and authorizing the sealing of the documents is also submitted herewith. For the reasons set forth above, Core Wireless respectfully request that the Court grant an Order allowing Core Wireless to file the above documents under seal.

Respectfully submitted,

DATED: October 26, 2016         **RUSS, AUGUST & KABAT**

*Neil A. Rubin*

Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Benjamin T. Wang (CA SBN 228712)
Email: bwang@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
James N. Pickens (CA SBN 307474)
Email: jpickens@raklaw.com
Jacob R. Buczko (CA SBN 269408)
Email: jbuczko@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
C. Jay Chung (CA SBN 252794)
Email: jchung@raklaw.com
Neil A. Rubin (CA SBN 250761)
Email: nrubin@raklaw.com
Adam S. Hoffman (CA SBN 218740)
Email: ahoffman@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474

RUSS, AUGUST & KABAT

Facsimile: (310) 826-6991

Kayvan B. Noroozi (CA SBN 271167)
Email: kayvan@noroozi.la
NOROOZI PC
1299 Ocean Ave., Suite 450
Santa Monica, CA 90401
Telephone: (310) 975-7074

Attorneys for Plaintiffs
CORE WIRELESS LICENSING S.A.R.L.