RUSS, AUGUST & KABAT
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Benjamin T. Wang (CA SBN 228712)
Email: bwang@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Adam S. Hoffman (CA SBN 218740)
Email: ahoffman@raklaw.com
Neil A. Rubin (CA SBN 250761)
Email: nrubin@raklaw.com
James N. Pickens (CA SBN 307474)
Email: jpickens@raklaw.com
Jacob R. Buczko (CA SBN 269408)
Email: jbuczko@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Kayvan B. Noroozi (CA SBN 271167)
Email: kayvan@noroozi.la
NOROOZI PC
1299 Ocean Ave., Suite 450
Santa Monica, CA 90401
Telephone: (310) 975-7074

Attorneys for Plaintiff
CORE WIRELESS LICENSING S.A.R.L.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| CORE WIRELESS LICENSING S.A.R.L., <br> *Plaintiff*, <br><br> vs. <br><br> APPLE INC., <br><br> *Defendant and Counter-Claimant*. | **Case No. 5:15-cv-05008-NC** <br><br> **CORE WIRELESS'S OPPOSITION TO APPLE'S MOTIONS *IN LIMINE* NOS. 1-9** <br><br> Date: November 16, 2016 <br> Time: 2:00 p.m. <br> Place: Courtroom 7, 4th Floor <br> Judge: Hon. Nathanael M. Cousins <br><br> **ORAL ARGUMENT REQUESTED** |

**APPLE'S MIL NOS. 1 & 2:** These MILs address issues for which Core Wireless ("CW") has already agreed to the exact language proposed by *Apple,* particularly the language now in CW's MILs 20 and 22. *See* CW's MILs (Dk. 332 at 12). The Court should enter the agreed language.

**APPLE'S MIL NO. 3:** Apple seeks to put into evidence extensive hearsay statements from Mr. Jobs and others about Apple's products and product development. *See* Apple's Exhibit List (Dkt. 308-1), DX 914-917. Apple wants to have its employees and officers tell its product development story through hearsay, and now through this MIL seeks to preclude materials necessary to contradict or impeach that hearsay. Apple cannot and should not have it both ways.

**APPLE'S MIL NO. 4:** This MIL addresses the same issues raised in CW's MIL 15 and 22. The resolution of these issues should be equitable, and all three MILs should be granted.

**APPLE'S MIL NO. 5:** This MIL is both overbroad and vague. Apple proposes to preclude Mr. Dell from testifying consistently with his report on why he did not rely on evidence within a vaguely defined category in forming his reasonable royalty opinion, even where Apple relies on such evidence. For example, Apple includes in the vaguely defined proscribed category at issue in its MIL an undefined set of "portfolio" licenses, despite the fact that experts on both sides rely on such licenses. Apple's MIL would create an amorphous exclusion of evidence potentially relevant to rebutting, crossing and impeaching Apple's damages expert and other witnesses.

**APPLE'S MIL NO. 6:** If entered, the limits proposed by Apple to should apply to both parties and to evidence regarding the personal compensation of all fact witnesses.

**APPLE's MIL NOS. 7 & 8:** These MILs ask the Court to order CW (and only CW) to follow the existing rules, without identifying any specific issue necessitating such an order. Apple, on the other hand, intends to make arguments contrary to the Court's orders (*see, e.g.,* CW MILs 8 and 12). This suggests that Apple seeks some unstated and unfair advantage -- for example, seeking to criticize Core Wireless experts for "failing" to analyze or address some piece of evidence Apple itself refused to produce in discovery.

**APPLE MIL NO. 9**: Contrary to Apple's incomplete description of the record, CW promptly and sufficiently explained how the accused products infringe under the doctrine of equivalents ("DOE"). CW's Infringement Contentions identified DOE as an infringement theory for the

RUSS, AUGUST & KABAT

asserted patents. Pickens Decl. Ex. A at 6-7 (Excerpts from CW's 3/6/15 Infringement Contentions) ("Contentions"). These Contentions also notified Apple that because "claim elements are performed all or in part by software," CW would "supplement its disclosures for each of those claims and/or claim elements after source code for each Apple [] Device … is produced..." Pickens Decl. Ex. B ('536 Claim Chart). Apple completed source code production on July 7, 2016, the last day of discovery. One week later, CW served expert reports detailing how DOE applies to the source code and standards evidence in this case. *See, e.g*, Dkt. 270-30 at ¶¶ 116-124 & 156. That supplemental disclosure is entirely appropriate, particularly after source code is produced and/or after a first review by the Court. *See, e.g. Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197, 2015 WL 5012679, at *2 (N.D. Cal. Aug. 24, 2015).

Moreover, Apple's motion is an untimely request for dispositive action by this Court. *See* Dkt 238, ¶ 4 (setting 9/1/16 deadline for dispositive motions); *Id.*, ¶ 1 (setting 6/17/16 deadline for discovery motions); Dkt. 286, ¶ 1 (setting 10/13/16 deadline for *Daubert* motions**).** Apple never moved to compel more detail in CW's Contentions, never moved to strike CW's experts' DOE opinions as untimely or insufficiently supported, and never moved for summary judgment for a failure of evidence. If Apple had a legitimate complaint about CW's disclosure of DOE as an infringement theory, it could have timely raised any issues in accordance with the ordered case deadlines, allowing CW to address any legitimate concerns at that time. Instead, Apple did nothing and now, on the eve of trial, moves for dispositive relief under the guise of a motion *in limine*. As made clear by the case on which Apple relies, Apple's approach is improper and should be rejected. *Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786-PSG, 2013 WL 6227626, at *8-10 (N.D. Cal. Nov. 22, 2013) ("[t]he court agrees with GTE that this motion [*in limine*] is little more than a thinly-veiled dispositive one.").

Apple's motion to exclude the iPhone 6S, iPhone 6S Plus, iPhone SE and the iPad Pro fares no better. The iPhone 6S and 6S Plus were announced on September 9, 2015, the iPad Pro (12.9 in) on November 9, 2015, and the SE and iPad Pro (9.7 in) on March 21, 2016. Pickens Decl. Ex. E. As this Court ruled *in Acer, Inc. et al. v. Tech. Props*, "nothing requires parties to bring a motion to amend [infringement contentions] each time a new product enters the market,

RUSS, AUGUST & KABAT

as this could cause undue delay in the proceedings and prejudice to all parties involved." 2011 WL 1838768 at *4, No. 5:08-cv-00877 (N.D. Cal. May 13, 2011).

The *Acer* rule applies with special force here. CW's Contentions identified the iPhone 6 and iPad as Accused Instrumentalities and defined the Accused Instrumentalities to "include without limitation all versions, incremental releases, and updates to the identified devices, components, systems and functionalities." Contentions, at 4. The Contentions also notified Apple of specific features and functionality accused. *See, e.g.,* Pickens Decl. Ex. B ('536 Claim Chart) (identifying RATSCCH as accused functionality). Apple was therefore on notice that later-released products implementing the very same functionality fell within the scope of CW's Contentions, and it acted accordingly. Notably, on April 25, 2016, CW served its set of Requests for Production on Apple and requested sales data for the Accused Instrumentalities, defining them to include the "Apple iPad Pro…Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone 6s, and Apple iPhone 6s Plus." Pickens Decl. Ex. C at 2. Apple responded to every request without objecting to the inclusion of these versions within the scope of Accused Instrumentalities. *See* Pickens Decl. Ex. D. It produced sales figures for these versions as well. Pickens Decl. at ¶ 6.

Thus, later, when CW served its infringement reports, Apple's experts agreed that the later-released versions were accused in the case and included identical functionality. Dr. Buehrer, for example, lists the iPhone 6S, 6S Plus, and SE as **"Accused Apple Products,"** before going on to provide supposed noninfringement opinions that apply equally to these Accused Apple Products. Dkt. 294-9 (7/28/16 Buehrer Rebuttal Report) ¶ 33. Dr. Knightly lists these as well as the iPad Pro as Accused. Dkt. 294-10 (7/28/16 Knightly Rebuttal Report) ¶¶ 112, 271-272. In sum, **both parties** have long understood that these products are accused.

Apple's reliance on *ASUS* (2014 WL 1463609) and *Finjan* (2016 WL 612907) is misplaced. In stark contrast to this case, *ASUS* and *Finjan* involved different products that were identified for the first time in expert reports, despite being available at the time the infringement contentions were served. Thus, the *Acer* rule did not apply. Further, in contrast to those cases, here Apple repeatedly failed to object to the inclusion of its later-released products. Apple had full notice that these products are in the case and acted accordingly.


|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: November 9, 2016 | **RUSS, AUGUST & KABAT** |
|  |  |
|  | */s/ James N. Pickens* |
|  | Marc A. Fenster (CA SBN 181067)<br>Email: mfenster@raklaw.com<br>Benjamin T. Wang (CA SBN 228712)<br>Email: bwang@raklaw.com<br>Reza Mirzaie (CA SBN 246953)<br>Email: rmirzaie@raklaw.com<br>Brian D. Ledahl (CA SBN 186579)<br>Email: bledahl@raklaw.com<br>C. Jay Chung (CA SBN 252794)<br>Email: jchung@raklaw.com<br>Adam S. Hoffman (CA SBN 218740)<br>Email: ahoffman@raklaw.com<br>Neil A. Rubin (CA SBN 250761)<br>Email: nrubin@raklaw.com<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, California 90025<br>Telephone: (310) 826-7474<br>Facsimile: (310) 826-6991<br><br>Kayvan B. Noroozi (CA SBN 271167)<br>Email: kayvan@noroozi.la<br>NOROOZI PC<br>1299 Ocean Ave., Suite 450<br>Santa Monica, CA 90401<br>Telephone: (310) 975-7074<br><br>Attorneys for Plaintiffs<br>CORE WIRELESS LICENSING S.A.R.L. |

# CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2016, I caused the foregoing **CORE WIRELESS'S OPPOSITION TO APPLE'S MOTIONS *IN LIMINE* NOS. 1-9** to be served on all parties who have appeared at the addresses indicated below by Electronic Mail with written consent under Fed. R. Civ. P. 5(b)(2)(E).

Dated: November 9, 2016                              */s/ James N. Pickens*

Joseph J. Mueller
Email: joseph.mueller@wilmerhale.com
**Anant Kumar Saraswat**
Email: anant.saraswat@wilmerhale.com
**Cynthia D. Vreeland**
Email: cynthia.vreeland@wilmerhale.com
**Jonathan W Woodard ,**
Email: jonathan.woodard@wilmerhale.com
**Kathryn Zalewski**
Email: kathryn.zalewski@wilmerhale.com
**Katie Marie Saxton , Esq.**
Email: kate.saxton@wilmerhale.com
**Mark Daniel Selwyn**
Email: mark.selwyn@wilmerhale.com
**Richard W O'Neill**
Email: richard.o'neill@wilmerhale.com
**Timothy Syrett**
Email: timothy.syrett@wilmerhale.com
WHAppleServiceList-CoreWirelessNDCalCases@wilmerhale.com

    Attorneys for Defendants
    *APPLE INC.*