UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORE WIRELESS LICENSING S.A.R.L.,

        Plaintiff,

    v.

APPLE INC,

        Defendant.

Case No. 15-cv-05008 NC

**ORDER ON MOTIONS IN LIMINE**

Dkt. Nos. 330, 331

The Court held a pretrial conference on November 16, 2016. Prior to the conference, the parties each briefed a number of motions in limine, some of which have now been resolved by stipulation. Dkt. No. 354. The following motions in limine are no longer in dispute: Core Wireless' #8 (claim construction), Apple's motions #1 (size and composition of trial teams); #2 (Apple's tax payments); #4 (location of suppliers and labor issues); #7 (reference to discovery disputes or orders); and #8 (evidence inconsistent with pretrial rulings). Core Wireless' motions #16-23 appear to be the subject of further meeting and conferring between the parties.

On the remaining disputes, the Court rules on the motions in limine as follows: Core Wireless' motions:

1. The following motions in limine will be decided based on the Court's *Daubert* order or other pretrial determinations: #2 (technical proposals); #3 (practicing the prior art); and #4 (royalty stacking).

Case No. 15-cv-05008 NC

2. Core Wireless' motion in limine #1 to preclude Apple from introducing evidence or argument regarding the prior litigation between the parties.  Because the prior litigation was not about the patents-in-suit, the Court finds that it is not relevant to this case and could be highly prejudicial.  This motion is GRANTED.

3. Core Wireless' motions in limine #5, 13 to preclude Apple from discussing dropped claims and products are GRANTED, except Apple may use any inconsistent positions as impeachment evidence.

4. Core Wireless' motion in limine #6 to preclude Apple from making "inappropriate attacks or disparaging USPTO examiners."  The Court agrees with Apple that it may argue that USPTO examiners have a heavy workload and sometimes make mistakes.  The Court will not permit "disparaging" the USPTO.  This motion in limine is GRANTED IN PART and DENIED IN PART.

5. Core Wireless' motion in limine #7 to exclude Apple from discussing the indirect owners of Core Wireless is GRANTED.  As the Court currently understands the parties' damages argument, Core Wireless is not the entity who would be engaged in a hypothetical negotiation.  Thus, Core Wireless' business structure is not relevant to any probative issue in the case.

6. Core Wireless' motion in limine #9 to exclude equitable defenses is GRANTED. The Court bifurcates the equitable issues and will hear them during a break in trial.

7. Core Wireless' motions in limine #10, #11, and #14 relating to excluding Apple from arguing that its own patents, licenses, or Core Wireless' failure to license are relevant to infringement is GRANTED IN PART.  As Apple acknowledges, it may not use any of these argument to suggest noninfringement.   However, Apple's own licenses and patents may be relevant to damages and invalidity.  The Court intends to give a limiting instruction to the jury.  Core Wireless' failure to license does not appear to be probative of any issue in this case because, as noted above, Core Wireless would not have been involved in the hypothetical negotiation.

8. Core Wireless' motion in limine #12 to exclude testimony by Mr. Christian Sturt.

1    The Court DEFERS ruling on this motion.

2    9. Core Wireless' motion in limine #15 to exclude facts about Core Wireless'
3    corporate form and location is DENIED.  Core Wireless will have ample
4    opportunity to present evidence of Apple's corporate form.  The Court finds that
5    there is no prejudice in allowing this evidence as background.

6  Apple's motions:

7    1. Apple's motion in limine #3 to exclude reference to copying or stealing of
8    technology seeks to prevent Core Wireless from referring to a 1994 public
9    statement by Steve Jobs because it is hearsay and prejudicial.  Core Wireless asserts
10   that Apple seeks to admit extensive hearsay to tell its product development story.
11   The Court excludes reference to this statement because Jobs was not working for
12   Apple at the time, but the statement appears to refer to Apple's philosophy.  This
13   would be prejudicial and confusing to the jury, so the motion is GRANTED.

14   2. Apple's motion in limine #5 to exclude evidence of large financial numbers.  Core
15   Wireless opposes the motion, arguing that it is vague and overbroad.  The Court
16   agrees and DENIES the motion because it is vague.  However, the Court cautions
17   that Apple's financial condition is only relevant to the assessment of a reasonable
18   royalty.

19   3. Apple's motion in limine #6 to preclude Core Wireless from asking Apple
20   employees about their compensation is GRANTED as modified.  Neither party may
21   ask about the financial compensation of any fact witness absent further order.

22   4. Apple's motion in limine #9 to exclude theories not included in expert reports,
23   contentions, or interrogatory responses is GRANTED.  However, the parties dispute
24   whether Core Wireless disclosed its doctrine of equivalents theory.  At the pretrial
25   conference, Apple represented that it is withdrawing its objection to the iPhone 6
26   and additional products.  The Court finds that the doctrine of equivalents theories
27   were not timely disclosed and excludes them.

**IT IS SO ORDERED.**

Dated: November 17, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge