1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CORE WIRELESS LICENSING
S.A.R.L.,

          Plaintiff,

    v.

APPLE INC,

        Defendant.

Case No. 15-cv-05008 NC

**ORDER ON *DAUBERT* MOTIONS**

Dkt. Nos. 292, 294

      The parties each move to exclude opinions of experts in this case, arguing that the expert opinion is not the product of reliable principles and methods.  Dkt. Nos. 294-4; 292-3.[1]  The Court heard oral argument on portions of the motions during the November 16, 2016, pretrial conference.

      The Court DENIES all *Daubert* motions because in each instance, the expert relied on permissible methodology, and the parties can address concerns about the accuracy of an expert's data or conclusion through cross-examination.

**I.    *DAUBERT* LEGAL STANDARD**

      "A district court's decision to admit expert testimony under *Daubert* in a patent case follows the law of the regional circuit."  *GPNE Corp. v. Apple, Inc.*, No. 12-cv-02885 LHK, 2014 WL 1494247, at *1 (N.D. Cal. Apr. 16, 2014) (citing *Micro Chem., Inc. v.*

---

[1] Dkt. Nos. 294-4 and 292-3 contain the parties' unredacted *Daubert* motions.  The Court expects the parties to place redacted motions on the record after this order is filed.
Case No. 15-cv-05008 NC

United States District Court
Northern District of California

*Lextron, Inc.*, 317 F.3d 1387, 1390-91 (Fed. Cir. 2003)).

Federal Rule of Evidence 702 provides that an expert witness may testify in the form of an opinion if "the testimony is the product of reliable principles and methods." "The duty falls squarely upon the district court to 'act as a gatekeeper to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards.'" *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011)). Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrel Dow Pharm.*, 509 U.S. 579, 597 (1993).

The Court's duty is to evaluate the soundness of the expert's methodology, not the correctness of the expert's conclusions. *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* The Court has broad discretion and flexibility in assessing an expert's reliability. *Estate of Barabin*, 740 F.3d at 463.

While pretrial "*Daubert* hearings" are commonly used, they are not required. *United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007).

## II.   CORE WIRELESS' DAUBERT MOTIONS

Core Wireless moves to exclude five expert opinions: (A) apparent infringement arguments; (B) non-infringement based on non-adoption into the standard; (C) consistency with the Court's claim construction; (D) component royalty stacking; and (E) alleged non-infringing alternatives. The Court addresses each in turn.

### A.   Apparent Infringement Arguments

Core Wireless argues that Apple's experts, Drs. Buehrer and Knightly, should be excluded from presenting their "apparent infringement" arguments. Both experts opine on invalidity by comparing the claim with the prior art. However, both experts also offer alternative opinions, based on what they believe are Core Wireless' "apparent

infringement" arguments.

In *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc*., 87 F. Supp. 3d 928, 943 (N.D. Cal. 2015), Judge Tigar considered similar arguments and concluded that the testimony should be permissible when the expert "does not dodge the claim language and simply compare the accused products to the prior art."  The Court finds the same principle is applicable here and that Apple's experts do not dodge the claim language.  Thus, Core Wireless' *Daubert* motion is DENIED.

**B.    Non-Infringement Based on Non-Adoption**

Core Wireless moves to exclude portions Drs. Buehrer and Knightly's infringement opinions, arguing that they improperly argue that non-infringement based on non-adoption of the patents into the standard.  The Court heard argument on this framing of the case and DENIED Core Wireless' motion because the Court will instruct the jury on the proper application of the law.

However, the Court cautions both parties that they must clearly present to the jury infringement opinions which apply the claim terms to the accused products.  Core Wireless may not shortcut its infringement argument by suggesting that if the patents are standard essential, and the products practice the standard, then infringement necessarily occurs.  Conversely, Apple also cannot prove non-infringement by solely arguing that the patents are not standard essential.

**C.    "Good State" or "Bad State" Terms**

Core Wireless moves to preclude Dr. Buehrer's opinions about the '536 patent based on his interpretation of the terms "good state" or "bad state."  Core Wireless argues that Dr. Buehrer does not follow the Court's claim construction as to these terms.

The construction of terms found in patent claims is a question of law to be determined by the Court.  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).  A disputed claim term should be construed in light of its "ordinary and customary meaning," which is "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    invention, i.e., as of the effective filing date of the patent application." *Phillips v. AWH*

2    *Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005).

3          Core Wireless separately moves for a motion in limine to exclude Mr. Sturt, a fact

4    witness, from offering an expert opinion on these same terms.  A fact witness may not

5    opine on what a hypothetical person skilled in the art would know or what is disclosed by

6    the claims of the patent.  *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. 12-cv-1971

7    CW, 2014 WL 4090550, at *8 (N.D. Cal. Aug. 19, 2014).

8          The Court will not exclude these opinions at this stage.  The Court instructs Dr.

9    Buehrer (and other witnesses) to follow the Court's claim construction, and cautions that

10   Mr. Sturt may not offer an opinion on what is disclosed by the claims of the patent.  Core

11   Wireless may re-raise these arguments at trial if the Court's instructions are not being

12   followed.  This motion is DENIED.

13        **D.    Component Royalty Stacking Approach**

14         Core Wireless' fourth *Daubert* motion is to exclude Apple's damages expert, Paul

15   Meyer, from considering royalty stacking when there is insufficient evidence that Apple

16   actually pays multiple royalties.

17         In *Commonwealth Scientific and Indus. Research Organisation v. Cisco Systems,*

18   *Inc.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015) ("CSIRO"), the Federal Circuit cautioned that

19   "abstract recitations of royalty stacking theory, and qualitative testimony that an invention

20   is valuable—without being anchored to a quantitative market valuation—are insufficiently

21   reliable."  Although Apple does not appear to present evidence that it currently has a

22   royalty stacking problem, Apple does present evidence that (1) numerous specific royalty

23   demands have been made that, if paid, would exceed the profit margin of the baseband

24   chip; and (2) Apple considers royalty stacking in real-world licensing negotiations.

25         Thus, the Court concludes that Meyer's analysis does not violate Federal Circuit

26   law on the appropriate methodology.  At this time, the *Daubert* motion is DENIED.

27   However, the Court will exclude this opinion at trial if Meyer fails to identify a sufficient

28   factual basis for his assertion that Apple would consider royalty stacking in its hypothetical

negotiation.

###    E.    Alleged Non-Infringing Alternatives

Finally, Core Wireless moves to exclude Meyer's opinion that non-infringing alternatives to the technology disclosed by the patents-in-suit existed.

"To recover lost profits, the patent owner must show 'causation in fact,' establishing that 'but for' the infringement, he would have made additional profits." *Grain Processing Corp. v. Am. Maize-Prod. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). To demonstrate a lack of lost profits, an accused infringer may argue that an acceptable noninfringing substitute was available or on the market at the time of infringement. *Id.*; *accord Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1288 (Fed. Cir. 2011).

Core Wireless argues that Meyer's opinion is insufficient because it relies heavily on the opinions of Drs. Buehrer and Knightly that non-infringing alternatives exist for each patent. The Court DENIES the motion at this time, but finds that Apple's experts must provide a satisfactory foundation for Meyer's opinions.

## III.   APPLE'S DAUBERT MOTIONS

Apple moves to exclude Stephen Dell's damages opinions, arguing that (A) they violate the "entire market value" rule; and (B) improperly consider Nokia's announced rates.

###    A.    Entire Market Value Rule

Apple argues that Core Wireless' damages expert, Stephen Dell, violates the entire market value rule in two of his opinions by failing to consider the smallest salable patent-practicing unit.

"[T]he smallest salable patent-practicing unit principle provides that, where a damages model apportions from a royalty base, the model should use the smallest salable patent-practicing unit as the base." *CSIRO*, 809 F.3d at 1302. However, the Federal Circuit in *CSIRO* held that "The rule Cisco advances—which would require all damages models to begin with the smallest salable patent practicing unit—is untenable. It conflicts

with our prior approvals of a methodology that values the asserted patent based on comparable licenses." *Id.* at 1303. Thus, if the starting point of the analysis is comparable licenses, an expert may begin the hypothetical negotiation with evidence of comparable licenses and not the smallest salable patent-practicing unit as the base.

After reviewing Dell's report, the Court agrees with Core Wireless that Dell's opinion relies on comparable licenses and negotiating positions, which appear to include a value greater than that of the smallest salable patent-practicing unit.

Apple's motion is DENIED.

### B.   Nokia's Announced and Demanded Royalty Rates

Apple argues that Dell cannot use Nokia's announced and demanded royalty rates because they are simply Nokia's aspirational rates. This argument attacks the credibility of Dell's inputs and conclusions, not his methodology.

The Court DENIES the motion and finds that Apple can sufficiently address its concerns through cross-examination.

## IV.   CONCLUSION

In conclusion, the Court DENIES all *Daubert* motions raised. By denying the motions, the Court is not precluding any party from re-raising an argument to exclude at trial, should the evidence presented fail to meet the standards outlined above.

**IT IS SO ORDERED.**

Dated:  November 18, 2016                     _____
                                              NATHANAEL M. COUSINS
                                              United States Magistrate Judge