1
2
3
4
5
6
7                   UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9

10   CORE WIRELESS LICENSING
     S.A.R.L.,                              Case No. 15-cv-05008 NC
11
                      Plaintiff,            **PRELIMINARY JURY**
12                                          **INSTRUCTIONS**
              v.
13
14   APPLE INC.,

                      Defendant.
15

16   **I.     Introduction**

17          Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct

18   you on the law.

19          These instructions are preliminary instructions to help you understand the principles

20   that apply to civil trials and to help you understand the evidence as you listen to it.  You

21   will be allowed to keep this set throughout the trial to which to refer.  This set of

22   instructions is not to be taken home and must remain in the jury room when you leave in

23   the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the

24   final set of instructions that will govern your deliberations.

25          You must not infer from these instructions or from anything I may say or do as

26   indicating that I have an opinion regarding the evidence or what your verdict should be.

27          It is your duty to find the facts from all the evidence in the case.  To those facts you

28   will apply the law as I give it to you.  You must follow the law as I give it to you whether
     Case No. 15-cv-05008 NC

1  you agree with it or not.  And you must not be influenced by any personal likes or dislikes,

2  opinions, prejudices, or sympathy.  That means that you must decide the case solely on the

3  evidence before you.  You will recall that you took an oath to do so.

4      In following my instructions, you must follow all of them and not single out some

5  and ignore others; they are all important.

6  **II.    Summary of the Claims in this Case**

7      I am going to give you a brief summary of who the parties are in this case, and what

8  the case is about.

9      The parties in this case are Core Wireless Licensing S.A.R.L., who may be referred

10  to as "Core Wireless," and Apple Inc.

11      Core Wireless alleges that Apple has infringed certain claims of two patents: U.S.

12  Patent Nos. 6,633,536 ("the '536 Patent") and 6,477,151 ("the '151 Patent").  Core

13  Wireless alleges that it is entitled to damages for Apple's alleged infringement.  Apple

14  denies that it infringes any of the asserted patents and denies that Core Wireless is entitled

15  to damages.  Apple also alleges that the asserted patent claims are invalid.  Core Wireless

16  denies that the asserted patent claims are invalid.

17      This case involves cellular phone technology.  The products at issue are certain of

18  Apple's iPhones and iPads.  I will tell you more about the details of the law you must

19  apply, both before and after the parties present their evidence in support of their claims and

20  defenses.

21  **III.  Burden of Proof**

22      There are two standards of proof that you will apply to the evidence, depending on

23  the issue you are deciding.  When a party has the burden of proving any claim by a

24  preponderance of the evidence, it means you must be persuaded by the evidence that the

25  claim is more probably true than not.  When a party has the burden of proving any claim or

26  defense by clear and convincing evidence, it means that you must be persuaded by the

27  evidence that it is highly probable that the claim or defense is true.  This is a higher

28  standard of proof than proof by a preponderance of the evidence, but it does not require

United States District Court
Northern District of California

1  proof beyond a reasonable doubt.

2      You should base your decision on all of the evidence, regardless of which party

3  presented it.

4  **IV.  Evidence**

5      **A.    Evidence You May Consider**

6          The evidence you are to consider in deciding what the facts are consists of:

7          (1) the sworn testimony of any witness;

8          (2) the exhibits which are received into evidence; and

9          (3) any facts to which the lawyers have agreed (sometimes referred to as

10  stipulations of fact).

11         In reaching your verdict, you may consider only the testimony, exhibits, and

12  stipulations of fact received into evidence.

13     **B.    Things You May Not Consider**

14         Certain things are not evidence, and you may not consider them in deciding what

15  the facts are.  I will list them for you:

16         (1) Arguments and statements by lawyers are not evidence.  The lawyers are not

17  witnesses.  What they say in their opening statements, closing arguments, and at other

18  times is intended to help you interpret the evidence, but it is not evidence.  If the facts as

19  you remember them differ from the way the lawyers have stated them, your memory of

20  them controls.

21         (2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to

22  their clients to object when they believe a question is improper under the rules of evidence.

23  You should not be influenced by the objection or by the court's ruling on it.

24         (3) Testimony that has been excluded or stricken, or that you have been instructed

25  to disregard, is not evidence and must not be considered.  In addition sometimes testimony

26  and exhibits are received only for a limited purpose; when I give a limiting instruction, you

27  must follow it.

28         (4) Anything you may have seen or heard when the court was not in session is not

United States District Court
Northern District of California

evidence.  You are to decide the case solely on the evidence received at the trial.

### C.    Charts and Summaries Not Received in Evidence

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  You may hear these charts and summaries referred to as "demonstratives" or "demonstrative evidence."  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

### D.    Charts and Summaries in Evidence

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

### E.    Types of Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  For example, direct evidence that it was raining would be a photo showing that it was raining on a given day.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  For example, circumstantial evidence that it was raining would be testimony of a witness who said they believed it was raining, not because they saw the rain, but because they saw a person entering the building with a wet umbrella.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give, if any, to any evidence.

### F.    Use of Interrogatories of a Party

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing

and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

### G.    Use of Request for Admission of a Party

Before trial, each party has the right to ask another party to admit in writing that certain facts are true.  If the other party admits those facts, you must accept them as true and conclusively proved in this case.

### H.    Evidence for a Limited Purpose

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

### I.    Stipulations of Fact

The parties have agreed to certain facts to be placed in evidence.  You must therefore treat these facts as having been proved.

### J.    The Court's Ruling on Objections

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been or what the document might have said.  My rulings are not intended to influence your decision.  Your decisions must be based entirely on the testimony and documents received into evidence.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

United States District Court
Northern District of California

## V.   Witnesses

### A.   Evaluation of Witness Testimony

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

### B.   Impeachment Evidence

The evidence that a witness lied under oath or gave different or inconsistent testimony on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much, if any, weight to give to that witness's testimony.

### C.   Expert Witnesses

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

United States District Court
Northern District of California

**D.     Deposition Testimony**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded by written transcript and sometimes video recording.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

If testimony is read, rather than played back from a recording, do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

You will be hearing or viewing only a portion, or series of portions, of the depositions taken by the parties in this case.  Do not make any inferences about the fact that you are not hearing or seeing the deposition in its entirety or that what you are hearing or viewing has been edited.

**VI.   Conduct of the Jury**

**A.     Prohibitions on Your Activities**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via

United States District Court
Northern District of California

1  e-mail, text messaging, or any Internet chat room, blog, website or other feature.  This

2  applies to communicating with your fellow jurors until I give you the case for deliberation,

3  and it applies to communicating with everyone else including your family members, your

4  employer, the media or press, and the people involved in the trial, although you may notify

5  your family and your employer that you have been seated as a juror in the case.  But, if you

6  are asked or approached in any way about your jury service or anything about this case,

7  you must respond that you have been ordered not to discuss the matter and to report the

8  contact to the court.

9       Because you will receive all the evidence and legal instruction you properly may

10  consider to return a verdict: do not read, watch, or listen to any news or media accounts or

11  commentary about the case or anything to do with it; do not do any research, such as

12  consulting dictionaries, searching the Internet or using other reference materials; and do

13  not make any investigation or in any other way try to learn about the case on your own.

14       The law requires these restrictions to ensure the parties have a fair trial based on the

15  same evidence that each party has had an opportunity to address.  A juror who violates

16  these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result

17  that would require the entire trial process to start over.  If any juror is exposed to any

18  outside information, please notify the court immediately.

19  **B.    Taking Notes**

20       During deliberations, you will have to make your decision based on what you recall

21  of the evidence.  You will not have a transcript of the trial.  I urge you to pay close

22  attention to the testimony as it is given.

23       If at any time you cannot hear or see the testimony, evidence, questions or

24  arguments, let me know so that I can correct the problem.

25       If you wish, you may take notes to help you remember the evidence.  If you do take

26  notes, please keep them to yourself until you and your fellow jurors go to the jury room to

27  decide the case.  Do not let note-taking distract you.  When you leave, your notes should

28  be left in the jury room.  No one will read your notes.  They will be destroyed at the

1    conclusion of the case.

2         Whether or not you take notes, you should rely on your own memory of the

3    evidence.  Notes are only to assist your memory.  You should not be overly influenced by

4    your notes or those of your fellow jurors.

5    **C.    Questions to Witnesses**

6         You will be allowed to propose written questions to witnesses after the lawyers

7    have completed their questioning of each witness.  You may propose questions in order to

8    clarify the testimony, but you are not to express any opinion about the testimony or argue

9    with a witness.  If you propose any questions, remember that your role is that of a neutral

10   fact finder, not an advocate.

11        Before I excuse each witness, I will offer you the opportunity to write out a question

12   on a form provided by the court.  Do not sign the question.  I will review the question with

13   the attorneys to determine if it is legally proper.

14        There are some proposed questions that I will not permit, or will not ask in the

15   wording submitted by the juror.  This might happen either due to the rules of evidence or

16   other legal reasons, or because the question is expected to be answered later in the case.  If

17   I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do

18   not give undue weight to questions you or other jurors propose.  You should evaluate the

19   answers to those questions in the same manner you evaluate all of the other evidence.

20        By giving you the opportunity to propose questions, I am not requesting or

21   suggesting that you do so.  It will often be the case that a lawyer has not asked a question

22   because it is legally objectionable or because a later witness may be addressing that

23   subject.

24   **D.    Bench Conferences and Recesses**

25        From time to time during the trial, it may become necessary for me to talk with the

26   attorneys out of the hearing of the jury, either by having a conference at the bench when

27   the jury is present in the courtroom, or by calling a recess.  Please understand that while

28   you are waiting, we are working.  The purpose of these conferences is not to keep relevant

United States District Court
Northern District of California

Case No. 15-cv-05008 NC                    9

1  information from you, but to decide how certain evidence is to be treated under the rules of

2  evidence and to avoid confusion and error.

3       Of course, we will do what we can to keep the number and length of these

4  conferences to a minimum.  I may not always grant an attorney's request for a conference.

5  Do not consider my granting or denying a request for a conference as any indication of my

6  opinion of the case or of what your verdict should be.

7  **VII.  Patent Background**

8       You will now be shown a video on what a patent is and how one is obtained.  You

9  will also receive an exhibit of a model patent to assist you in the presentation.

10 **VIII.  Summary of Contentions**

11      To help you follow the evidence, I will now give you a summary of the positions of

12 the parties.

13      The parties in this case are Core Wireless and Apple.  The patents involved in this

14 case are United States Patent Numbers 6,633,536 and 6,447,151.  The two patents-in-suit

15 were originally assigned to Nokia and were subsequently transferred to Core Wireless.  For

16 convenience, the parties and I will often refer to these patents as the '536 and '151 patents,

17 536 and 151 being the last three numbers of its patent number.

18      Core Wireless filed suit in this court seeking money damages from Apple for

19 allegedly infringing the '536 and '151 patents by making, using, selling, and offering for

20 sale products that Core Wireless argues are covered by the following claims, which I will

21 refer to as "the asserted claims":

22      Claim 19 of the '536 patent; and

23      Claim 14 of the '151 patent.

24      The products that are alleged to infringe are the 3G, 3GS, 4, 4S, 5, 5S, 5C, 6, 6 Plus,

25 6 S, 6S Plus and SE models of Apple's iPhone and the iPad, iPad3, iPad 4, iPad Mini, iPad

26 Air, iPad Air 2 and iPad Pro models of Apple's iPad products.

27      Apple denies that it has infringed the asserted claims and argues that, in addition,

28 the claims are invalid.  Invalidity is a defense to infringement.

United States District Court
Northern District of California

United States District Court
Northern District of California

1        Your job will be to decide whether the asserted claims have been infringed and

2 whether those claims are invalid.  If you decide that any asserted claim of the '536 and

3 '151 patents has been infringed and is not invalid, you will then need to decide any money

4 damages to be awarded to Core Wireless to compensate it for the infringement.

5        Before you decide whether Apple has infringed the asserted claims or whether the

6 asserted claims are invalid, you will need to understand the patent claims.  As I mentioned,

7 the patent claims are numbered sentences at the end of the patent that describe the

8 boundaries of the patent's protection.  It is my job as judge to explain to you the meaning

9 of any language in the claims that needs interpretation.

10        I have already determined the meaning of certain terms of the asserted claims.  You

11 will be given a document reflecting those meanings.  You are to apply my definitions of

12 these terms throughout this case.  However, my interpretation of the language of the claims

13 should not be taken as an indication that I have a view regarding issues such as

14 infringement and invalidity.  Those issues are yours to decide.  I will provide you with

15 more detailed instructions on the meaning of the claims before you retire to deliberate your

16 verdict.

17 **IX.  Trial**

18        The trial will now begin.  First, each side may make an opening statement.  An

19 opening statement is not evidence.  It is simply an outline to help you understand what that

20 party expects the evidence will show.

21        The presentation of evidence will then begin.  Witnesses will take the witness stand

22 and the documents will be offered and admitted into evidence.

23        Core Wireless will present its evidence on its contention that the asserted claims

24 have been and continue to be infringed by Apple.  These witnesses will be questioned by

25 Core Wireless's counsel in what is called direct examination.  After the direct examination

26 of a witness is completed, the opposing side has an opportunity to cross-examine the

27 witness.  To prove infringement of any claim, Core Wireless must persuade you by a

28 preponderance of evidence that Apple has infringed that claim.

1       After Core Wireless has presented its witnesses, Apple will call its witnesses, who

2 will also be examined and cross-examined.  Apple will present its evidence that the

3 asserted claims are invalid.  To prove invalidity of any claim, Apple must persuade you by

4 clear and convincing evidence that the claim is invalid.  In addition to presenting its

5 evidence of invalidity, Apple will put on evidence responding to Core Wireless's

6 infringement contentions.

7       Core Wireless will then return and will put on evidence responding to Apple's

8 contention that the asserted claims are invalid.  Core Wireless will also have the option to

9 put on what is referred to as "rebuttal" evidence to any evidence offered by Apple of

10 non-infringement.

11      Finally, Apple will have the option to put on "rebuttal" evidence to any evidence

12 offered by Core Wireless on the validity of the asserted claims.

13      Because the evidence is introduced piecemeal, you need to keep an open mind as

14 the evidence comes in and wait for all the evidence before you make any decisions.  In

15 other words, you should keep an open mind throughout the entire trial.

16      After the evidence has been presented, I will give you final instructions on the law

17 that applies to the case and the attorneys will make closing arguments.  Closing arguments

18 are not evidence.  After the instructions and closing arguments, you will then decide the

19 case.

20

21      **IT IS SO ORDERED.**

22

23 Dated:  December 5, 2016         _____

24                         NATHANAEL M. COUSINS
                            United States Magistrate Judge

25

26

27

28

United States District Court
Northern District of California