UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORE WIRELESS LICENSING S.A.R.L.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 15-cv-05008 NC<br><br>**ORDER ON EQUITABLE ESTOPPEL** |

Apple argues that Core Wireless is equitably estopped from asserting infringement of the '151 patent because the patent was not timely disclosed to the European Telecommunications Standard Institute ("ETSI"). Dkt. No. 468. On December 12, 2016, after the close of jury trial, the Court held a bench trial on Apple's equitable defense. Apple called Dr. Michael Walker as its witness to testify on the ETSI intellectual property rights (IPR) disclosure policy. Core Wireless did not call any witnesses. The Court makes the following findings of fact and conclusions of law. The Court observes that most of the relevant facts are undisputed.

I.   **FINDINGS OF FACT**

Dr. Walker has been a member of ETSI since 1988 and held leadership roles in ETSI, including as the chairman of the Board for three years. Tr. 1411-1412. Based on his roles and knowledge of ETSI's policies, Dr. Walker was admitted as an expert in the ETSI intellectual property rights policy. Tr. 1414.

Case No. 15-cv-05008 NC

ETSI's 1997 IPR policy provides, "Each member shall use its reasonable endeavours to timely inform ETSI of ESSENTIAL IPRs it becomes aware of. In Particular, a MEMBER submitted a technical proposal for a STANDARD shall, on a bona fide basis, draw the attention of ETSI to any of that MEMBER's IPR which might be ESSENTIAL if that proposal is adopted." DX 108.002 at 4.1. The purpose of the IPR disclosure policy is to reduce the risk that investment in creating the standards could be wasted if essential IPR for the standard is unavailable. DX 1008.002 at 3.1. Nokia is a member of ETSI.

On November 4, 1997, Nokia submitted a change request to the GSM 03.64 specification regarding the continuous timing advance update. DX 115; Tr. 1423-1425. On November 11, 1997, Nokia applied for a Finnish patent application based on Mr. Oskala's invention. '151 Patent; Tr. 1425. Dr. Walker opined that Nokia should have disclosed its IPR at the November 10-14, 1997, meeting where Nokia's change proposal was discussed. Tr. 1426. Nokia's change request was subsequently rejected. Dr. Walker opined that at the latest, Nokia should have disclosed its IPR by the June 1998 freeze date for GSM 03.64. Tr. 1429.

On June 17, 2002, Nokia received an office action allowing the '151 claims. Nokia formally disclosed the '151 patent to ETSI on July 24, 2002. DX 112. On cross-examination, Dr. Walker admitted that the IPR policy covers essential IPR, and that the policy does not specify a date certain when disclosure is required. Dr. Walker also admitted that there is no definition of timeliness for disclosure in ETSI's IPR policy. Tr. 1432.

Apple did not produce the products at issue in this lawsuit until 2011.

## II. CONCLUSIONS OF LAW

Apple argues that Nokia breached its disclosure obligations, so it should be equitably estopped from enforcing the patent. Apple's briefing is unclear whether it advances the theory of implied waiver or equitable estoppel, but Core Wireless addresses both equitable theories in its opposition. Thus, the Court considers both theories.

Case No. 15-cv-05008 NC                 2

  "To support a finding of implied waiver in the standard setting organization context, the accused must show by clear and convincing evidence that the patentee's conduct was so inconsistent with an intent to enforce its rights as to induce a reasonable belief that such right has been relinquished." *Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1348 (Fed. Cir. 2011) (citing *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1022 (Fed. Cir. 2008). This can be shown when the patentee had a duty of disclosure and breached that duty. *Id.*

  To support a finding of equitable estoppel, the accused must show that (1) "[t]he patentee, through misleading conduct, led the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer"; (2) reliance on the conduct; and (3) "due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992); *Hynix Semiconductor*, 645 F.3d at 1348.

  Here, the Court finds that Apple has not met its burden to demonstrate by clear and convincing evidence that the '151 patent is unenforceable. As to an implied waiver, the evidence does not support a finding that Nokia had a duty to disclose the contents of the '151 patent because (1) Nokia's proposal was rejected; and (2) the patent claims were not finalized until 2002. Nokia disclosed the patent in 2002, shortly after it could point to the contours of its IPR with specificity because the claims were allowed. Nokia's conduct does not appear to be inconsistent with an intent to enforce its rights. Additionally, Apple presented no evidence that any ETSI member or other entity interpreted Nokia's failure to disclose the patent in 1998 as evidence that Nokia relinquished its patent rights.

  As to equitable estoppel, Apple did not present evidence that it relied on Nokia's failure to disclose, or that it was prejudiced by Nokia's failure. Because Apple did not create or sell the accused products until 2011, the Court concludes that Apple could not have relied on Nokia's alleged misleading conduct in failing to disclose the '151 patent prior to 2002.

/

Thus, the Court concludes that the '151 patent is enforceable against Apple and rejects Apple's equitable defenses presented during the bench trial.

**IT IS SO ORDERED.**

Dated:  December 22, 2016      _____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 15-cv-05008 NC            4