UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORE WIRELESS LICENSING S.A.R.L.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC,<br><br>Defendant. | Case No. 15-cv-05008 NC<br><br>**ORDER DENYING APPLE'S POST-TRIAL MOTIONS**<br><br>Re: Dkt. No. 478, 480 |

In this patent infringement case, Core Wireless asserted that Apple's wireless communications technology infringed the '151 and '536 patents. After each side presented 15 hours of evidence to the jury in December 2016, the jury found that Apple infringed claim 14 of the '151 patent and claim 19 of the '536 patent. The jury also concluded that the patents were not invalid. Finally, the jury determined that Core Wireless is entitled to a lump sum damages award of $7.2 million.

At the conclusion of the jury trial, Apple presented evidence on its equitable claim for unenforceability of the '151 patent for Nokia's failure to timely disclose the patent to European Telecommunications Standards Institute ("ETSI"). The Court rejected Apple's argument and found that the patent was enforceable. Dkt. No. 472.

Apple now challenges the jury's finding and the Court's determination on the enforceability of the patent. Dkt. Nos. 478, 480. The Court made several legal and factual

Case No. 15-cv-05008 NC

findings already on the docket: order on cross-motions for partial summary judgment, dkt. no. 313; order on motions in limine, dkt. no. 362; order on *Daubert* motions, dkt. no. 366; and an order on equitable estoppel, dkt. no. 472.

The Court does not find good cause to alter any of the legal conclusions found in these orders, and the Court DENIES Apple's motions to overturn the jury verdict.

## I.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 50(b), a court may grant a renewed motion for judgment as a matter of law if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." "A renewed motion for judgment as a matter of law is properly granted 'if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.'" *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014) (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)); *see also Old Town Canoe Co. v. Confluence Holdings Corp.*, 448 F.3d 1309, 1314 (Fed. Cir. 2006) ("A motion for judgment as a matter of law is properly granted only if no reasonable juror could find in the non-movant's favor.").

A jury's verdict must be upheld if supported by substantial evidence, even if contrary findings are also possible. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). In considering the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, disregard all evidence favorable to the moving party that the jury is not required to believe, and ask whether the nonmoving party has presented sufficient evidence to support the jury's conclusion. *Id.*; *Escriba*, 743 F.3d at 1242-43. "[I]n entertaining a motion for judgment as a matter of law, the court . . . may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

///

## II. DISCUSSION

Apple argues that (1) the jury's decision that Apple infringed the patents and that the patents were not invalid was not supported by substantial evidence; and (2) Core Wireless is not entitled to damages. In addition, Apple argues that the Court should amend its findings of fact and conclusions of law as to the unenforceability of the '151 patent.

### A.   Infringement and Invalidity

The Court addresses the infringement and invalidity verdicts together, as both are based on expert testimony. Each side had experts to discuss both infringement and invalidity. Core Wireless' expert was Dr. Richard Wesel, who testified as to both patents. Apple's experts each addressed infringement and invalidity of one patent: Dr. Edward Knightly testified as to the '151 patent and Dr. Michael Buehrer testified as to the '536 patent. Both experts testified that they were persons of ordinary skill in the art relevant to the patents in suit. No party objected to the expert's qualifications to testify as to those topics.

Each expert testified fully that it was his expert opinion that his side won on infringement and invalidity. Both Core Wireless and Apple walked their own expert and the jury through each element of each claim and used demonstratives to emphasize that their expert opined on all relevant aspects of all claims at issue. Each expert emphasized that he relied on the Court's claim construction, and the Court specifically instructed the jury to follow the Court's claim construction.

As to invalidity, each expert testified about prior art and the theories of invalidity consistent with his party's position. At times, opposing counsel was able to obfuscate an expert's opinion by forcing the expert to admit to the possibility of a contradictory opinion. However, neither expert omitted information necessary to a prima facie case of infringement or invalidity.

Thus, the jury's assessment of infringement and invalidity required the jury to find one expert more credible than the other. "[I]n entertaining a motion for judgment as a matter of law, the court . . . may not make credibility determinations or weigh the

1  evidence." *Reeves*, 530 U.S. at 150.  The Court will not second-guess the jury's credibility
2  determination.  The jury's verdict that Core Wireless proved by a preponderance of
3  evidence that Apple infringed the patents-in-suit, and that Apple did not prove by clear and
4  convincing evidence that the patents were invalid, is supported by substantial evidence.
5  Apple's motion for judgment as a matter of law is DENIED.

### B. Damages

Apple argues that the jury's damages award was erroneous because (1) Mr. Dell violated the entire market value rule; (2) Core Wireless' damages theory is discriminatory; and (3) Core Wireless is not entitled to pre-suit damages.  In support of its damages theory, Core Wireless presented the expert opinion of Stephen Dell.  In opposition of Dell's opinions, Apple presented the opinion of Paul Meyer.  Core Wireless sought damages of approximately $24 million, of which, the jury awarded $7.2 million.

As the Court noted in its prior *Daubert* order, "where a damages model apportions from a royalty base, the model should use the smallest salable patent-practicing unit as the base." *Commonwealth Sci. & Indus. Research Organisation v. Cisco Sys., Inc.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015).  The Court previously found that if the starting point of the analysis is comparable licenses, an expert may begin the hypothetical negotiation with evidence of comparable licenses and not the smallest salable patent-practicing unit as the base. *Id.* at 1303.

Here, the Court finds that Dell did not violate the smallest salable patent-practicing unit rule as a matter of law for three reasons.  One, Dell never used the full price of the end user device in his calculations.  Two, the parties disagree about what is the smallest salable unit, what the cost of it is, and what numbers the jury should have used.  Apple proposed that the jury could look to Qualcomm's profit margin for the Qualcomm chip that provides the cellular technology.  The parties proposed that the jury could look to the cost of a non-"smart" phone, which only has telephone and not data capabilities.  Alternatively, Dell suggested that the jury could look at the difference in price between cellular capable iPads and non-cellular capable iPads.  Third, the Court finds that the comparable licenses

Case No. 15-cv-05008 NC             4

presented to the jury were relevant and that Apple fully cross-examined Dell on the flaws in analyzing documents from Apple and Nokia's separate negotiation. Thus, the jury was presented with a number of starting points and potentially relevant pricing and negotiation documents.

In addition, the Court finds that the jury's damages award is not erroneous as a matter of law. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995) (a party challenging a reasonable royalty award "must show that the award is, in view of all the evidence, either so outrageously high or so outrageously low as to be unsupportable as an estimation of a reasonably royalty."). The jury awarded less than what Core Wireless sought and could have used any combination of the suggested starting points to calculate a reasonable royalty. This is a factual determination left to the jury.

As to Apple's arguments about notice of pre-suit damages and that the patent license is discriminatory, the jury heard Apple's expert and attorney argument that these issues should be taken into consideration. Thus, the jury made a credibility determination, and the Court declines to overturn an issue left to the jury's discretion.

### C. Equitable Remedy

In a separate motion, Apple seeks to amend the factual findings and to alter the judgment on unenforceability of the '151 patent. Apple presented the testimony of Dr. Michael Walker in support of its argument that Nokia failed to disclose the '151 patent in accordance with ETSI notice policies. The Court gave Apple the opportunity to submit a proposed findings of fact and conclusions of law and to brief the issues presented. Both parties submitted briefs, which the Court considered before its ruling. The Court rejected Apple's arguments and concluded that the patent is enforceable. Dkt. No. 472.

Apple now seeks to amend the factual findings. The Court finds that this request is not timely and DENIES the motion. In addition, Apple seeks to alter the judgment under Federal Rule of Civil Procedure 59(a). The Court has reviewed the papers submitted and is not persuaded that it should alter its findings of fact and conclusions of law.

## III.  CONCLUSION

The Court DENIES Apple's renewed motion for judgment as a matter of law.  Dkt. No. 478.  The Court also DENIES Apple's motion to alter the findings of fact and amend the judgment as to the enforceability of the '151 patent.

The Court will rule separately on Core Wireless' request for an award of interest.

**IT IS SO ORDERED.**

Dated:  April 27, 2017 _____
NATHANAEL M. COUSINS
United States Magistrate Judge